# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, | ) JURY TRIAL DEMANDED |
| Plaintiff, | ) |
| SHANNI SNYDER, GEORGE SNYDER, KASH SNYDER, and J. ALLEN ROTH, | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO: Clerk of the U.S. District Court for the Western District of Pennsylvania:

TAKE NOTICE THAT Defendant Shanni Snyder, with the consent of the other named defendants, hereby removed to this Court the state court action filed in the Court of Common Pleas of Westmoreland County, Pennsylvania, at 2148 of 2025 pursuant to Pursuant to 28 U.S.C. §§ 1291, 1331, 1441, and 1446:

1. Christine Biros filed a federal RICO case and related state court claims against the defendants at 2:2023cv00297. This Court dismissed the RICO claims with prejudice and declined to accept 28 USC 1367 jurisdiction of the related state claims.

2. On or about June 2, 2025, Defendant Shanni Snyder learned that, on April 29, 2025, at 3:45 p.m., Biros *transferred* the entire case to the Court of Common Pleas of Westmoreland County, Pennsylvania, at 2148 of 2025.

3. In the transfer notice, Biros incorrectly invoked 42 Pa. C.S. 5103(b)(1) to transfer the entire case, which applies when the case is "dismissed by the United States court for lack of jurisdiction." *See* Exhibit A.

4. This Court did not dismiss the action "for lack of jurisdiction" but rather on the basis that the RICO failed to state a claim. In addition, this Court dismissed the state claims because it declined to accept jurisdiction, not because it lacked jurisdiction.

5. One hour after *transferring* the case to the Court of Common Pleas, Biros appealed the decision of the district court with respect to both the dismissal of the RICO and the state claims to the United States District Court for the Third Circuit. *See* Entry 72, 2:2023cv00297. The appeal is docketed at 25-1845.

6. The Third Circuit maintains exclusive jurisdiction over this matter pursuant to 28 USC 1291 and 28 USC 1331.

7. The transfer notice purported to provide the state court with jurisdiction over the RICO claims. Defendants have a right to defend said claims in federal court under 28 USC 1331.

8. The supplementary state court claims incorporate, by reference, the RICO claim. By transferring the case, instead of filing a new case removing all references to the RICO claims, the incorporation provides this Court with original jurisdiction under 28 USC 1331. *See, e.g.,* Paragraph 223 of the Complaint.

9. The incorporation of RICO and federal criminal statutes into the state claims cause the matter to be preempted by federal law and this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. There existed no need for Biros to engage in litigation shenanigans by transferring the case to the state court then appealing to the federal appeals court. The statute of limitations is and was tolled. *Artis v. District of Columbia*, 583 US 71 (2018).

11. After the appeal, Biros would be free to file a state court lawsuit with state claims that do not incorporate federal statutes. However, to the extent she incorporates federal statutes and attaches the RICO claim, this Court would have jurisdiction under 28 USC 1331.

THEREFORE, Defendant Shanni Snyder removes this action to this Court.

Respectfully submitted,

/s/ *Shanni Snyder*

_____

Shanni Snyder
14390 Route 30
Irwin PA  15642
shannis@pm.me

DEFENDANT