IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, | No. 2:25-cv-00912 |
| Plaintiff, | |
| v. | Judge Robert J. Colville |
| SHANNI SNYDER, GEORGE SNYDER, KASH SNYDER, and J. ALLEN ROTH, | JURY TRIAL DEMANDED |
| Defendants. | |

BRIEF OF PLAINTIFF, CHRISTINE BIROS,
IN SUPPORT OF HER MOTION TO REMAND

This Court should recognize the Defendants' removal of this action to this Court for what it is: An attempt to manipulate and distort court procedures in an effort to avoid and delay a lawsuit calling them to account for their manipulation and distortion of court procedures. The Defendants' effort relies entirely on the alleged presence of claims under the federal Racketeer-Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, that do not exist here. The Defendants know that those RICO claims do not exist because they moved for and, four months ago, obtained this Court's dismissal of those claims. They also know that those RICO claims do not exist in this action because, in accordance with the procedure under a Pennsylvania-statue, Biros's removed state-court filings here included this Court's opinion, order, and judgment that dismissed those claims with prejudice. Because there is no basis for this Court's subject-matter jurisdiction, this Court should grant Biros's motion and remand this action to state court.

I.   BACKGROUND

    A. The Original Action

Biros filed Case No. 2:23-cv-297 (the "Original Action") in this Court on February 22, 2023. In it, she alleged that the Defendants here were liable to her for damages as the result of various violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, and under various tort claims that arise under Pennsylvania law. Biros pleaded that this Court had jurisdiction over her RICO claims under 28 U.S.C. § 1331 and over her remaining claims under the supplemental jurisdiction of 28 U.S.C. § 1367.

Biros filed her amended complaint in the Original Action on May 15, 2024. Biros again included a RICO claim and various state-law claims. (Original Action Doc. 49).

Each Defendant filed a motion to dismiss Biros's amended complaint, Each of them asserted in part that Biros's RICO counts failed to state claims on which this Court could grant relief or incorporated those arguments. *See generally* Exhibit 2.

On March 31, 2025, this Court granted those motions in part, dismissed Biros's RICO claims with prejudice, declined to exercise jurisdiction over Biro's state law claims, and entered final judgment. *See* Exhibits 3 ("March 31 Opinion"), 4 ("March 31 Order"), 5 ("March 31 Judgment").

    B. The State-Court Action

Looking to 42 Pa. C.S. § 5103(b), Biros then filed a Praecipe to Transfer Matter (the "Praecipe to Transfer") in the Court of Common Pleas of Westmoreland

2

County, Pennsylvania (the "State Court"). *See* Exhibit 6. In it, she acknowledged that this Court had dismissed all of her federal-law claims. *Id.* at ¶ 9.

As that statue requires, Biros attached certified copies of the filings in this matter. These filings ran to more than 1,000 pages and included the March 31 Opinion, the March 31 Order, and the March 31 Judgment, as well as Biros's amended complaint. *See* Doc. 1-3 at pp. 17, 1503-1528.

None of the Defendants has responded in the State Court.

### C. The Appeal

Because Biros respectfully disagrees with this Court's conclusions about her RICO claims, she has appealed the March 31 Order and the March 31 judgment to the United States Court of Appeals for the Third Circuit (the "Appeal"). *See* Exhibit 7. The appeal is pending before that Court at No. 25-1845.

On May 18, 2025, Defendant George Snyder move to dismiss the Appeal or, in the alternative, to expand the record before the Third Circuit. *See* Exhibit 8. He pointed generally to Biros's having both taken her appeal from the dismissal of the federal claims and transferring the state claims. He asked that court to dismiss the appeal "for either a lack of jurisdiction since Biros relinquished the case to the state courts, waived her appeal, or because her transfer scheme constitutes an abuse of process creating unnecessary litigation and legal issues." *Id.* at ¶ 18.

The Third Circuit denied that motion in its entirety by order of July 9, 2025. It did not direct the parties to include any aspect of George Snyder's arguments in their briefing. *See* Exhibit 9.

The Appeal remains pending.

## II. ARGUMENT

This Court should remand this action because it presents no federal question.

### A. Standard of Review

Federal removal jurisdiction is generally defined by 28 U.S.C. § 1441:

> (a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In other words, for an action to be removable, there must be some basis for the district court's subject-matter jurisdiction. *See City of Hoboken v. Chevron Corp.*, 45 F.4th 699, 707 (3d Cir. 2022) ("The oil companies may remove these cases to federal court only if they present federal questions.").

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* at § 1447(c). This Court has explained the standard of review on a motion for remand:

> The defendant bears the burden of establishing removal jurisdiction. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990); *see also Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (stating that the removing party "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court") (citations omitted). "Moreover, the removal statute is 'to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Sdregas v. Home Depot, Inc.*, Civ. A. No. 01-5851, 2002 U.S. Dist. LEXIS 12159, 2002 WL 32349815, at *2 (E.D. Pa. Apr. 5, 2002) (quoting *Boyer*, 913 F.2d at 111).

*Dsida v. Esposito*, No. 2:21-CV-0427, 2021 U.S. Dist. LEXIS 161463, at *4 (W.D. Pa. Aug. 26, 2021) (Colville, J.).

B. <u>This Court Should Remand This Action Because It Lacks Subject-Matter Jurisdiction Here.</u>

Snyder's claim that this action is within this Court's original jurisdiction under 28 U.S.C. § 1331 suffers from a fundamental and fatal flaw. Perhaps uniquely among recent removed actions, this action arrives at this Court with this Court's prior certification that it does not include any federal questions within the scope of § 1331.

In fact, this Court has already dismissed all of Biros's federal claims with prejudice. *See* Exhibits 3, 4. "The label 'with prejudice' attached to the dismissal of a claim signifies that the dismissal is an adjudication of the merits and hence a bar to further litigation of the claim." *Chavez v. Dole Fruit Co.*, 836 F.3d 205, 210 n.2 (3d Cir. 2016) (quoting *Korvettes, Inc. v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980)). Biros simply cannot prosecute her RICO claims against the Defendants any further until and unless the Third Circuit reverses this Court's decision on them.

None of Biros's pending claims involve questions arising under federal law. They all arise under Pennsylvania law. None of them look to federal law at all, let alone involve some question of federal law that is indispensable to the resolution of any of Biros's state-law claims, let alone involves a federal cause of action. *See Smith v. Industrial Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992). There is no federal question here, and this Court should remand this action.

C. <u>The Procedural Requirements of Pennsylvania Law Do No Create Federal Jurisdiction Here.</u>

While the Defendants are correct that the documents that Biros filed with the State Court include her amended complaint from the Original Action and that the

5

complaint included her RICO claims, the presence of those dismissed claims with the transferred claims changes nothing. Biros's actions there were in accordance with the procedure that Pennsylvania requires for transfer:

> **(a) General rule.** — If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.
>
> **(b) Federal cases.**
>
> (1) Subsection (a) shall also apply to any matter transferred or remanded by any United States court for a district embracing any part of this Commonwealth. In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a magisterial district judge of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).
>
> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to

> conform to the practice in this Commonwealth. Section 5535(a)(2)(i) (relating to termination of prior matter) shall not be applicable to a matter transferred under this subsection.

42 Pa. C.S. § 5103.

Nothing in this language purports to create a federal question or undo the res judicata effect of a federal court's judgment. The State Court could not do that even if Biros were asking it to do so. *See In re Stevenson*, 40 A.3d 1212, 1223 (Pa. 2012) ("The judgments of the federal courts are owed their due force and full effect in state courts."). If the Defendants have other complaints about the remaining claims in Biros's amended complaint, they may resort to state-law remedies in the State Court to address those issues. They do not need to run to this Court. Moreover, as this Court is without jurisdiction here, they cannot do so. This Court should therefore remand this action to the State Court.

### III. <u>CONCLUSION</u>

For the reasons set forth above and in Biros's motion to remand, this court should grant that motion and remand this action to the Court of Common Pleas of Westmoreland County.

<div style="margin-left: 50%">

Respectfully submitted,

BERNSTEIN-BURKLEY, P.C.

</div>

Dated July 30, 2025        By: */s Stuart C. Gaul, Jr.*
                   Kirk B. Burkley, Esq. (PA. I.D. #89511)
                   Stuart C. Gaul, Jr., Esq. (PA. I.D. #74529)
                   601 Grant Street, 9th Floor
                   Pittsburgh, PA 15219
                   Telephone: (412) 456 – 8100
                   Facsimile: (412) 456 – 8135

                   *Attorneys for Plaintiff, Christine Biros*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a true and correct copy of this BRIEF IN SUPPORT OF MOTION TO REMAND was served on all parties via this Court's CM/ECF notification system and as follows:

### VIA FIRST-CLASS MAIL

J. Allen Roth
1307 Ridge Avenue
Latrobe, PA 15650

-and-

J. Allen Roth
Twin Lakes Healthcare Center
227 Sand Hill Road
Greensburg, PA 15601

/s/ Stuart C. Gaul, Jr.