IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE BIROS, ) | |
| ) | |
| Plaintiff, ) | No. 2:25-cv-00912 |
| ) | |
| v. ) | |
| ) | Judge Robert J. Colville |
| SHANNI SNYDER, GEORGE SNYDER, ) | |
| KASH SNYDER, and J. ALLEN ROTH, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

    Before the Court is a Motion to Remand (ECF No. 5) filed by Plaintiff in this matter. By way of background, Plaintiff originated this case by filing a complaint (ECF No. 1-1) in the Court of Common Pleas of Westmoreland County, and Defendant timely filed a Notice of Removal (ECF No. 1), bringing this matter to this District. On the question of its own jurisdiction and its ability to remand, the Court has jurisdiction to rule pursuant to 28 U.S.C. § 1447. The Motion has been fully briefed and is ripe for disposition.

    **I.    Background**

    The very same Plaintiff, Defendants, allegations, and claims in the identical Complaint as the one removed from the Court of Common Pleas have all been before this Court before. This case is, in sum, a duplicate. On March 31, 2025, the Court granted in part Defendants Shanni Snyder, Kash Snyder, George Snyder, and J. Allen Roth's motions to dismiss for failure to state a claim, dismissing with prejudice all claims that raise a question of Federal law in the previous case,

1

also Biros versus Snyder. *Biros v. Snyder*, No. 2:23-297, 2025 WL 964099 (W.D. Pa. Mar. 31, 2025) ("*Biros I*"). Those Federal questions, and no new Federal questions, are contained again in the "new" Complaint now removed to this Court. In *Biros I*, the Court declined to exercise supplemental jurisdiction over the state-law claims in the complaint, and dismissed them without prejudice, for Plaintiff to pursue them in state court. Those state-law questions, and no new state-law questions, are raised again in the Complaint here. Plaintiff has filed an appeal of the Court's ruling dismissing the claims in *Biros I*. *Biros I* at ECF No. 72. Pending the outcome of that appeal, on April 29, 2025, Plaintiff filed the same claims in the Court of Common Pleas by Praecipe to Transfer, pursuant to 42 Pa. C.S. § 5103(b).

On June 30, 2025, Defendant Shanni Snyder filed a Notice of Removal, bringing the case to this Court. On July 30, 2025, Plaintiff moved to remand and filed an accompanying Brief in Support (ECF No. 6). On August 20, 2025, Defendant Shanni Snyder filed a Response in Opposition to the Motion to Remand (ECF No. 8). On August 25, 2025, Plaintiff filed a Reply to Defendant's Response (ECF No. 9).

**II.    Legal Standard**

"The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163, 118 S.Ct. 523, 139 L.Ed.2d 525 (1997). Original Federal court jurisdiction can be based either on Federal question jurisdiction or on diversity of citizenship jurisdiction. *USAA Fed. Sav. Bank v. Belfi*, No. CV 19-3607, 2020 WL 5763585, at *2 (E.D. Pa. Sept. 28, 2020). Defendant removed this matter to the Federal courts based on Federal question jurisdiction. 28 U.S.C. § 1441(a) reads in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

>for the district and division embracing the place where such action is pending.

Under 28 U.S.C. § 1441(c)(1):

>If a civil action includes (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 102 S. Ct. 2099, 2104 (1982). "[T]here is no presumption that they have subject matter jurisdiction to adjudicate a particular case." *Allison v. Chesapeake Energy Corp.*, No. CIV.A. 12-0900, 2013 WL 787257 (W.D. Pa. Jan. 29, 2013) (quoting *Martin v. Wal-Mart Stores, Inc.,* 709 F. Supp. 2d 345, 346 (D.N.J. 2010)). Remand is appropriate under § 1447(c) if the removal was procedurally defective or if the Court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "When assessing a plaintiff's motion to remand, 'removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Belfi*, 2020 WL 5763585, at *2 (quoting *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). As such, the Court views all removals with suspicion and heavily favors remand. "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

### III. Discussion

Plaintiff moves to remand the case to the Court of Common Pleas, arguing that Defendants' basis for removal to Federal court, the presence of a Federal question, has already been addressed and dispelled by this Court in *Biros I*. ECF No. 6 at 5. Because there is no question of Federal

law pending before the Court here, the Court lacks subject matter jurisdiction over the claims, which should properly be adjudicated in state court. *Id.* As Plaintiff sees it, a case transferred to state court pursuant to 42 Pa. C.S. § 5103 after a Federal court dismissed it for lack of jurisdiction should not then be removed back to Federal court. *Id.* at 6. Section 5103 reads, in relevant part:

> (1) . . . Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).
>
> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth. The pleadings shall have the same effect as under the practice in the United States court, but the transferee court or magisterial district judge may require that they be amended to conform to the practice in this Commonwealth.

42 Pa. C.S. § 5103(b)(1)–(2).

The Court agrees with Plaintiff's reading of the statute. The statute itself explains that if the transferee court finds the filings lacking, it "may require that they be amended to conform with the practices of the Commonwealth." *Id.* If Defendants believe that including the Federal law claims in the transferred complaint is improper, they should take that up with the assigned transferee judge, not remove the case back to Federal court, where such claims (1) are precluded under *res judicata*, and (2) have, exactly as pled, already been dismissed with prejudice.

While in this case it is Defendants who are arguing against remand, the "artful pleading" doctrine, which allows for removal of a state case back to the Federal court, is ordinarily meant to protect defendants from plaintiffs who seek to evade final Federal judgments by inserting the adjudicated Federal claims into state filings to ensure removal back to Federal court for re-adjudication. But this is not a case of artful pleading. "'Artfully pleaded' claims include state

4

claims filed to circumvent the res judicata impact of a federal judgment." *Heimbaugh v. City & Cnty. of San Francisco*, 977 F.2d 589 (9th Cir. 1992) (citing *Ultramar Am. Ltd. v. Dwelle*, 900 F.2d 1412, 1415 (9th Cir.1990)) ("When a litigant has suffered a final defeat on a federal claim yet thereafter files [virtually the same claims in] state court, the sequence of events gives rise to an inference that the litigant is not interested in the state cause of action per se, but is instead attempting to circumvent the effects of the federal question judgment."). And when already adjudicated Federal claims are indeed "artfully couched in terms of state law," Federal courts then may accept removal for the limited purpose of dismissing the claims with prejudice as precluded. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 396–97 (1981).

Removal is allowed in "artful pleadings" cases to allow the Federal court to ensure that its ruling is not being subverted. But in this case, Plaintiff properly transferred the case to state court, acknowledging that this Court had dismissed the Federal law claims. ECF No. 6-6 at 6 ("On March 31, 2025, at ECF No. 70, the District Court dismissed Biros's RICO claims with prejudice. Because the RICO claims were Biros's only claims in this matter that arose under Federal law, the District Court considered whether to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367 and declined to do so. It therefore dismissed those claims with prejudice."). The Federal questions are not camouflaged as state questions for the purpose of eluding a Federal ruling, and removal was improper.

Defendants argue that § 5103(b)(2) does not apply here. As they see it, because the Court did not dismiss the claims in *Biros I* for lack of jurisdiction, but rather for failure to state a claim, transferring that case to state court did not fall under the ambit of § 5103(b)(2), which applies to cases where the "United States court for a district embracing any part of this Commonwealth [dismisses the case] for lack of jurisdiction." 42 Pa. C.S. § 5103(b)(1).

The Court disagrees. *See, e.g, Lee v. Philadelphia Hous. Auth.*, 340 A.3d 1060 (Pa. Commw. Ct. 2025) ("We observe that, under Section 5103(b)(1)–(2) . . . Appellant could have transferred her 2016 Complaint from the federal courts, which declined to exercise supplemental jurisdiction over the state claims."); *Bolick v. Ne. Indus. Servs. Corp.*, 292 A.3d 632 (Pa. Commw. Ct. 2023) ("[N]othing in either federal or state law supports the [plaintiffs'] proposition that when a federal court declines to exercise jurisdiction over state claims after dismissing federal claims, the transfer requirements of . . . Section 5103(b) do not apply."). While it is true that the Court dismissed the Federal claims in *Biros I* for failure to state a claim, those claims are not the ones asserted in the state case. The Court dismissed the state claims, which are the only claims brought in the state case, because there was no Federal question to which the state claims were ancillary. The Court's concern was jurisdiction. The Court may have arguably exercised jurisdiction, but given the limited jurisdiction of the Federal courts, this Court's practice is to err on the side of not exercising jurisdiction where its jurisdiction is even marginally uncertain. In *Biros I*, as in this case, arguments in favor of the Court exercising jurisdiction are tenuous. But, again, if Defendants believe that there are deficiencies in the state case against them, such as an improper transfer under state law, they should move the transferee court for remedy, not remove the case to Federal court. Accordingly, because the Court lacks subject matter jurisdiction, the Court will remand this case to the Court of Common Pleas.

### IV.     Conclusion

For the reasons discussed above, the Court will grant Plaintiff's motion, and remand this matter to the Court of Common Pleas of Westmoreland County. The Court will also order final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. Appropriate Orders will follow.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: December 23, 2025

cc: All counsel of record